[Crim. No. 4916.    Second Dist., Div. Three.    Jan. 28, 1953.]

THE PEOPLE, Respondent, v. JAMES ANDREW CRISP, Appellant.

Kenneth E. Matot, Theodore R. Gabrielson, Douglas G. Hitchcock and Lowell Lyons for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of a violation of Vehicle Code section 501—driving a vehicle while under the

influence of intoxicating liquor, and when so driving doing an act forbidden by law, or neglecting a duty imposed by law in the driving of the vehicle, which act or neglect proximately caused bodily injury to a person other than himself. The sole claim here is that the judgment is unsupported by the evidence.

On June 17, 1952, President Linthicum was driving his automobile west on 97th Street in Los Angeles. As he approached Beach Street, he slowed down and saw an automobile traveling north on Beach. There was a stop sign on Beach at its intersection with 97th. The automobile traveling north on Beach did not stop at the sign, but entered the intersection and struck the car driven by President Linthicum as he was driving through the intersection. Shortly thereafter, a police officer arrived. He talked to defendant off and on for about 40 minutes. Defendant talked incoherently, made inconsistent statements, his breath had a strong odor of alcohol, his speech was slurred, he stuttered, and appeared very confused. The officer testified defendant was intoxicated.

One of the occupants of the automobile which collided with that of President Linthicum testified there were four persons in the car, that defendant was driving, and that the car was going 15 to 25 miles an hour at the intersection.

Mrs. Abernathy was one of the occupants of the car driven by the defendant. She was injured in the accident, her head was knocked through the windshield, and she was rendered unconscious.

The foregoing evidence is sufficient to support the judgment. The evidence warranted the conclusions that (1) defendant was intoxicated; (2) while intoxicated, he drove the automobile; (3) in driving, he neglected a duty imposed by law—neglected to stop at the intersection; (4) such neglect proximately caused bodily injury to another, Mrs. Abernathy.

On stipulation, the case of the People was submitted on the transcript of the preliminary examination, with the reservation that both sides could introduce additional evidence. McNally, one of the occupants of the car which collided with that of President Linthicum testified at the preliminary that defendant was driving the car. At the trial, McNally testified that defendant was not driving the car. Defendant argues that the implied finding that defendant was driving the car was based on "sheer speculation." The question as to which version of McNally's testimony should be accepted

was for the trier of fact. Since the finding is supported by substantial evidence we may not disturb it. (*People* v. *Whitehurst,* 112 Cal.App.2d 140, 144 [245 P.2d 509].)
Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.